**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| FELIX RODRIGUEZ,<br>*Plaintiff*,<br><br>v.<br><br>CHIEF ALARIC J. FOX, OFFICER STEVEN GROSHANS[1], AND DEBRA COLLI,<br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 3:23-CV-00823 (SVN)<br><br><br><br><br><br>September 21, 2026 |

**RULING AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Sarala V. Nagala, United States District Judge.

*Pro se* Plaintiff Felix Rodriguez claims he is the lawful owner of 52 South Road in Enfield, Connecticut. Following the Court's decision on Defendants' motions to dismiss, one claim remains against Defendants Officer Steven Groshans and Chief of Police Alaric Fox of the Enfield Police Department and real estate agent Debra Colli, in which Plaintiff claims that concerted efforts by Defendants to obtain possession of the property constitute an illegal taking of his property, in violation of 42 U.S.C. § 1983 (Count Three).

Presently before the Court are the motions for summary judgment filed by Defendants Fox and Groshans, joined by self-represented Defendant Colli, and Colli's separate motion for summary judgment, arguing that Plaintiff's action is barred by the applicable statute of limitations and that there is no genuine dispute of material fact concerning Plaintiff's illegal takings claim. Finally, Fox and Groshans raise a qualified immunity defense, and Colli argues that she is not a state actor subject to liability under § 1983.

[1] Defendants' papers identify this Defendant as Steven "Groshans," rather than Steven Grashans, as he is identified in Plaintiff's filings. As such, the Court refers to him as Steven Groshans in this ruling, and will order that the docket be corrected.

For the reasons explained below, Defendants' motions for summary judgment are GRANTED. Plaintiff's illegal takings claim is barred by the three-year statute of limitations, and Plaintiff has failed to raise a genuine dispute of material fact as to Defendants' physical occupation of the property at 52 South Road or the taking of that property for a private purpose. The Court declines to reach Colli's separate state actor argument or the qualified immunity defense, as the takings claim is subject to dismissal for these other reasons.

## I. PROCEDURAL BACKGROUND

Plaintiff's original complaint was filed in Connecticut Superior Court and was removed by Defendants on the basis of federal question jurisdiction. *See* Not. Removal, ECF No. 1; *Rodriguez v. Fox*, No. 3:23-cv-823 (SVN), 2024 WL 1330831, at *2 (D. Conn. Mar. 28, 2024) ("*Rodriguez I*"). That complaint alleged a single count of fraud against all Defendants in their individual and official capacities and sought $10 million in damages. *Rodriguez I*, 2024 WL 1330831, at *2. Plaintiff also claimed that Defendants' actions resulted in his "false arrest, illegal taking of property and his land, and loss of relationship with his girlfriend, pain and suffering, emotional, mental, and physical distress." *Id*. On March 28, 2024, the Court granted Defendants' motion to dismiss the original complaint in full, but allowed Plaintiff leave to amend. *See id*. at *6.

Plaintiff thereafter filed an amended complaint, which alleged three claims: (1) common law fraud against Defendants Fox, Groshans, and Enfield town employee Shaila Bailey; (2) false arrest against Defendants Fox and Groshans; and (3) illegal takings against Defendants Fox, Groshans, Bailey, and Colli. *See* Am. Compl., ECF No. 57; *Rodriguez v. Fox*, No. 3:23-CV-823 (SVN), 2025 WL 744278, at *1–2 (D. Conn. Mar. 7, 2025) ("*Rodriguez II*"). The amended complaint also named former property owner Steven Sidor as a Defendant, but did not appear to bring any claims against him. *Rodriguez II*, 2025 WL 744278, at *1. Defendants Fox, Groshans,

Bailey, and Colli moved to dismiss the amended complaint. *Id.* at *2. The Court ultimately dismissed all claims except Plaintiff's takings claim against Fox, Groshans, and Colli, which it construed as being brought under 42 U.S.C. § 1983. *See id.* at *15. The Court denied Plaintiff's motion for leave to amend the complaint and terminated Defendants Sidor and Bailey from the action. *Id.*

Now, Defendants Fox and Groshans have moved for summary judgment as to Plaintiff's sole remaining claim of illegal taking, *see* Mot. For Summ. J., ECF No. 110-1, which Defendant Colli joined, *see* Mot. For Summ. J., ECF No. 111. Colli also advances an independent argument for summary judgment in her filing. ECF No. 11. Plaintiff has not responded to Defendants' motions for summary judgment, despite that a response was due on April 1, 2026. *See* Order, ECF No. 114.[2]

## II. FACTUAL BACKGROUND

### A. Record on Summary Judgment

The relevant facts set forth herein are taken from Defendants Fox and Groshans' unopposed Local Rule 56(a)1 Statement, ECF No. 110-2, as well as Defendants' supporting exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement, which indicates whether the party admits or denies the facts set forth by the moving

[2] The Court ordered counsel for Defendants Grashons and Fox to send Plaintiff the Notice to Self-Represented Litigant Concerning Motion for Summary Judgment, along with the full text of Federal Rule of Civil Procedure 56(b) and Local Civil Rule 56, and they did so, in compliance with Local Rule 56. *See* Order, ECF No. 112; Not., ECF No. 113. Accordingly, Plaintiff was apprised as follows: "THE MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 56 OF THE LOCAL RULES OF CIVIL PROCEDURE, AND IF THE MOTION SHOWS THAT THE MOVANTS ARE ENTITLED TO JUDGMENT AS A MATTER OF LAW." ECF No. 113 at 1. Defendant Colli's motion provides that electronic notice was provided to counsel for Fox and Grashons, and also lists Plaintiff's mailing address from the docket. ECF No. 111 at 2. The Local Rule requiring inclusion of the Local Rule 56 Notice to Self-Represented Litigant Concerning Motion for Summary Judgment does not apply to self-represented parties. *See* D. Conn. L. Civ. R. 56(b) ("[a]ny represented party moving for summary judgment against a self-represented party" must serve the notice).

party. Plaintiff has not submitted a Local Rule 56(a)2 Statement, nor any response to the motion for summary judgment. The fact that Plaintiff is unrepresented does not excuse him from complying with the Court's procedural and substantive rules. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006). Thus, the facts contained in Defendants' Local Rule 56(a)1 Statement, where supported by the evidence of record, are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)2; *Small v. Clements*, No. 3:18-CV-1731 (KAD), 2019 WL 5727388, at *1 n.1 (D. Conn. Nov. 5, 2019).

However, a verified complaint can function as an affidavit for summary judgment purposes. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 219 (2d Cir. 2004) ("[A] verified pleading, to the extent it makes allegations on the basis of the plaintiff's personal knowledge, and not merely on information and belief, has the effect of an affidavit and may be relied on to oppose summary judgment."); *Rodriguez v. Doherty*, No. 3:23-CV-1542 (KAD), 2025 WL 2776861, at *1–2 n.3 (D. Conn. Sept. 29, 2025); *Miller v. Netto*, No. 3:17-CV-362 (KAD), 2019 WL 4646973, at *2 n.3 (D. Conn. Sept. 24, 2019). The standard for verification comes from 28 U.S.C.A. § 1746, which requires that a declarant in the United States include the following text in "substantially" the same form, along with date and signature: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct." Courts look for such language in the complaint to determine if it can substitute as an affidavit. *See, e.g., Conquistador v. Hurdle*, No. 20-CV-01658 (KAD), 2022 WL 17821097, at *3 n.4 (D. Conn. Dec. 20, 2022) (concluding that complaint that did not include verification that it was made under penalty of perjury did not qualify); *Rickett v. Orsino*, No. 10 CIV. 5152 (CS) (PED), 2013 WL 1176059, at *2 n.5 (S.D.N.Y. Feb. 20, 2013) (concluding that complaint submitted under penalty of perjury qualified). The verification need not state both that its contents are true and correct *and* that it is under penalty of perjury. *LeBoeuf,*

*Lamb, Greene & MacRae, L.L.P. v. Worsham*, 185 F.3d 61, 65–66 (2d Cir. 1999) (permitting admission of a signed and dated letter which declared, "Under penalty of perjury, I make the statements contained herein," even though it lacked language that it was "true and correct"). Inclusion of the language "under penalty of perjury" is "integral." *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013).

Here, Plaintiff's amended complaint states that it is "Signed under the pains and penalties of perjury on this 22nd day of May, 2024." ECF No. 57 at 9. As the complaint includes the "integral" language that it is signed under penalty of perjury, it is admissible as an affidavit for purposes of opposing summary judgment, to the extent the allegations are based on personal knowledge and are otherwise admissible. *See* Fed. R. Civ. P. 56(c)(4). As discussed below, the Court does not credit numerous portions of Plaintiff's verified complaint that "are not based upon [Plaintiff's] personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." *See Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999), *overruled in part on other grounds as recognized by Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000).

B. Relevant Facts

The parties put forward vastly different versions of events leading up to the current litigation. According to Groshans and Fox, the dispute arose after Colli, a real estate agent overseeing the listing for 52 South Road in Enfield, Connecticut, reported to Enfield Police in late October of 2018 that the locks had been changed at the property, barring access. Groshans and Fox L.R. 56(a)1 St., ECF No. 110-2 ¶¶ 1–2. Colli had had the listing for approximately one year and routinely visited the residence, but on October 24, 2018, and October 30, 2018, she noticed

that her key no longer worked, and her for sale sign was removed. *Id*. Colli reported that the property was in foreclosure and under the ownership of Federal National Mortgage. *Id*. ¶ 2.

Plaintiff, however, alleges that he purchased 52 South Road from its previous owner, Steven Sidor, on August 26, 2014, in the amount of $50,000. ECF No. 57 ¶ 1. Documentation of the alleged transaction is attached to Defendants' Rule 56(a)1 Statement as Exhibit E, ECF No. 110-7 at 3. The document was purportedly signed by Plaintiff and Sidor and notarized by former Defendant Jesse Brownback, III.[3] *See id.*; *see also* ECF No. 57 ¶ 28. Plaintiff therefore asserts that he was the lawful owner of the property, not Federal National Mortgage. ECF No. 57 ¶ 28. After making necessary repairs, Plaintiff rented the property to a married couple with two children on November 18, 2018. *Id*. ¶¶ 1–2.

The Enfield Police Department began investigating the matter following Colli's report. ECF No. 110-2 ¶ 3. Officer Groshans confirmed with the town assessor's office that, based on records updated as of October 1, 2018, Federal National Mortgage was the property owner of 52 South Road. *Id*. ¶ 3. Since the foreclosure in July of 2017, there had been no new paperwork filed for the property. Groshans Aff., ECF No. 110-9 ¶ 6.

According to Plaintiff, upon learning about the investigation, Plaintiff immediately contacted Officer Groshans and informed him that he was the property owner. ECF No. 57 ¶ 3–4. Over the next two months, Plaintiff attempted to record the deed with the Enfield Town Hall Registry of Deeds, but town employee Shaila Bailey refused to record it. *Id*. ¶¶ 5–6. Bailey insisted the deed was fraudulent and moved for a no-contact order, preventing Plaintiff from continuing his attempts to record it. *Id*. ¶ 6. Plaintiff alleges that Groshans promised Bailey she

[3] Brownback is deceased, and was dismissed from this action. *See* Order, ECF No. 24.

would receive $1,000 once Colli sold the property, in exchange for not recording the deed. *Id.* ¶ 5. Plaintiff does not state the source of his knowledge for this purported bribe.

Defendants assert that, on December 28, 2018, the Enfield Police Department Detective Merritt contacted and obtained a written statement from Jesse Brownback, III, a notary public and law librarian paralegal of the Hampshire Co. House of Corrections in Northampton, Massachusetts. ECF No. 110-2 ¶ 4. Detective Merritt showed Brownback the purchase document, which bore a seal and signature purportedly belonging to Brownback. *Id.* ¶ 9. Brownback confirmed that the seal was his but that his signature was forged. *Id.* ¶ 10. Brownback notarized documents ten to fifteen times for an inmate named Felix Luis Cuevas—whom he confirmed via photograph to be Plaintiff—but never had any consultations with inmates and third parties where anyone's signature other than the inmates' was notarized, and found no record of providing his services to Plaintiff in his notary logbook for that date. *Id.* ¶¶ 5–13. Brownback also recalled misplacing his notary stamp for a period in September 2014. *Id.* ¶ 14.

On February 12, 2019, Detective Merritt and another Enfield officer, Detective Castle, met with Steven Sidor, the previous owner of 52 South Road. *Id.* ¶ 16. Sidor had never seen the purported deed prior to Detective Merritt showing it to him, did not know anyone named Felix Lewis Cuevas Rodriguez, and never sold the property to anyone. *Id.* Sidor confirmed that his signature was forged. *Id.* ¶ 17. According to Sidor, he lived there until around Thanksgiving of 2017, and the residence was foreclosed upon. *Id.* ¶¶ 18–19.

According to Plaintiff, he was charged with forgery and conspiracy and extradited to Connecticut on November 26, 2019. ECF No. 57 ¶¶ 14–15. Plaintiff alleges that Officer Groshans made a series of threatening remarks to induce Plaintiff to sell 52 South Road and hand deliver 50 percent of the property's sale value to him in cash, *id.* ¶¶ 18–24, and that Defendant Groshans

repeatedly assured him that police involvement would cease and that all would be "just fine" if he complied with their demands—but they would bring false charges if he refused. *Id.* Believing Defendants, Plaintiff failed to file harassment complaints or this lawsuit sooner. *Id.* ¶ 21. Defendant Groshans explicitly denies all of the above conduct. ECF No. 110-2 ¶¶ 36–41.

Plaintiff further alleges that, on March 10, 2020, Defendant Colli and Defendant Groshans, with the approval of Defendant Fox, entered 52 South Road, changed the locks, and listed the property for sale. ECF No. 57 ¶ 26. Plaintiff also claims Defendants sold the property for $475,000 and divided the funds evenly. *Id.* ¶ 29. As to these allegations, Plaintiff lacks the personal knowledge necessary to qualify this statement as evidence, which the Court later addresses below. Defendants deny ever physically occupying 52 South Road, depriving the legal property owner of access, selling the property, or receiving any compensation from any sale of the property. ECF No. 110-2 ¶¶ 26–34, 42–49. Defendant Fox additionally denies authorizing any such conduct. *Id.* ¶ 27.

Finally, Plaintiff alleges that, in or around July of 2020, Colli contacted Plaintiff, proposing to stop the sale of his property to an unknown buyer if Plaintiff signed over the deed to her "for a reasonable amount." *Id.* ¶ 27. Plaintiff rejected this proposal and ultimately sought a restraining order against Colli to keep her out of his property. *Id.*

According to Defendants, the Enfield Police Department's investigation into this matter revealed that Plaintiff is not a legal owner of 52 South Road. ECF No. 110-2 ¶ 20.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) provides, in relevant part, that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A disputed fact is material only where the

determination of the fact might affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). With respect to genuineness, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden of establishing there is no genuine issue of material fact in dispute will be satisfied if the movant can point to an absence of evidence to support an essential element of the non-moving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The movant bears an initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. A movant, however, "need not prove a negative when it moves for summary judgment on an issue that the [non-movant] must prove at trial. It need only point to an absence of proof on [the non-movant's] part, and, at that point, [the non-movant] must 'designate specific facts showing that there is a genuine issue for trial.'" *Parker v. Sony Pictures Ent., Inc.*, 260 F.3d 100, 111 (2d Cir. 2001) (quoting *Celotex Corp.*, 477 U.S. at 324). The non-moving party, in order to defeat summary judgment, must come forward with evidence that would be sufficient to support a jury verdict in his or her favor. *Anderson*, 477 U.S. at 249. If the non-movant fails "to make a sufficient showing on an essential element of [their] case with respect to which [they have] the burden of proof," then the movant will be entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 323.

In considering a motion for summary judgment, a court "must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable

inferences against the movant." *Kee v. City of New York*, 12 F.4th 150, 158 (2d Cir. 2021) (citation and internal quotation marks omitted). The Court may not make credibility determinations or weigh the evidence. *Proctor v. LeClaire*, 846 F.3d 597, 608 (2d Cir. 2017). "Only when reasonable minds could not differ as to the import of the evidence is summary judgment proper." *Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991).

Moreover, the Court bears in mind that a *pro se* litigant's filings must be liberally construed to raise the strongest arguments they suggest. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (collecting cases regarding the "special solicitude" afforded to *pro se* litigants).

Although it is "well established that a court is ordinarily obligated to afford a special solicitude to *pro se* litigants," a court may enter summary judgment against a *pro se* nonmovant who has been advised of the nature of the motion for summary judgment and the consequences of failing to respond to it properly. *Tracy*, 623 F.3d at 101–02; *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) (quoting *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988)). Even when the motion for summary judgment is unopposed, however, "the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

## IV. DISCUSSION

For the reasons explained below, Defendants' motions for summary judgment are granted. The Court agrees with Defendants that Plaintiff's claims are barred by the applicable statute of limitations, and Plaintiff has failed to demonstrate a dispute of material fact as to essential elements of his takings claim.

A. Statute of Limitations

Defendants first argue that Plaintiff's illegal takings claim is barred by the three-year statute of limitations. The Court agrees.

*1. Waiver of Statute of Limitations Defense*

First, the Court observes that Defendants failed to raise any statute of limitations defense until the present motion for summary judgment. *See* Colli Ans., ECF No. 88 (no statute of limitations affirmative defense); Grashons & Fox Ans., ECF No. 89 (same). Nonetheless, the Court appropriately considers it.

Pursuant to Federal Rule of Civil Procedure 8(c), "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including ... statute of limitations." The purpose of Rule 8(c) is to "give the opposing party notice of the issue and an opportunity to argue its position." *Snyder v. United States*, No. 88-CV-2136 (RR), 1995 WL 724529, at *11 (E.D.N.Y. July 26, 1995) (citing *Blonder-Tongue Lab. v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971)). Ordinarily, it follows that an affirmative defense "is forfeited if not raised in a defendant's answer or in an amendment thereto." *Wood v. Milyard*, 566 U.S. 463, 470 (2012).

However, district courts "ha[ve] the discretion to consider an otherwise forfeited statute of limitations defense when deciding a motion for summary judgment." *Lambrinos v. Exxon Mobil Corp.*, 349 F. App'x 613, 615 (2d Cir. 2009) (citing *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir.1993)). A defendant may be permitted to raise an affirmative defense for the first time in a motion for summary judgment "in the absence of prejudice," and as long as the plaintiff "had notice and an opportunity to respond." *Donohue v. Manetti by Armor Corr. Health Servs.*, No. 2:15-CV-636 (PK), 2025 WL 974347, at *10 (E.D.N.Y. Mar. 31, 2025) (quoting *Arciello v. Cnty. of Nassau*, No. 16-CV-3974 (ADS)(SIL), 2019 WL 4575145, at *4 (E.D.N.Y. September 20,

2019)); *see also Curry v. City of Syracuse*, 316 F.3d 324, 330–31 (2d Cir. 2003) (allowing consideration of collateral estoppel affirmative defense).

Within the Second Circuit, district courts have construed summary judgment motions raising newly-asserted affirmative defenses as concurrent motions for leave to amend under Federal Rule of Civil Procedure 15(a). *See, e.g., Block*, 988 F.2d at 350–51 (finding the district court, on motion for summary judgment, did not abuse discretion in granting the defendants leave to amend answer to include statute of limitations as affirmative defense). Rule 15(a) demands that "leave shall be freely given when justice so requires," though district courts have discretion to deny leave "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Enzo Biochem, Inc. v. Applera Corp.*, 243 F.R.D. 45, 47 (D. Conn. 2007) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)); *see also Block*, 988 F.2d at 350 ("The rule in this circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith."). "Mere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Block*, 988 F.2d at 350 (quoting *State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). In evaluating "prejudice," the Second Circuit considers whether assertion of the affirmative defense would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block*, 988 F.2d at 350 (finding no prejudice where the plaintiffs did not show that they could have brought their claims in another forum had the defendants raised their statute of limitations defense earlier).

Here, Defendants' answers were filed in March of 2025. *See* ECF Nos. 88, 89. Colli's answer did not assert any affirmative defenses, and while Defendants Groshans and Fox asserted several affirmative defenses in their answer, the statute of limitations was not included as one. *See id*. Defendants Groshans and Fox's motion to dismiss the amended complaint, filed on June 28, 2024, also omitted a statute of limitations affirmative defense. *See* Mot. to Dismiss, ECF No. 69; *see also Conn. Gen. Life Ins. Co. v. BioHealth Lab'ys*, 988 F.3d 127, 131–32 (2d Cir. 2021) (noting that "a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint"). Defendants neglected to raise this issue until the present motion for summary judgment, filed on February 12, 2026. *See* ECF No. 110-1 at 11. This timeline demonstrates Defendants' ample opportunity to identify a statute of limitations defense or move to amend their answer. Despite any delay on the part of Defendants to timely raise this defense, however, the caselaw is clear that "mere delay" alone is insufficient to deny the right to amend. *Block*, 988 F.2d at 350.

Plaintiff's lack of opposition to Defendants' affirmative defense and motion for summary judgment generally are dispositive here. Given that the motion for summary judgment filed by Groshans and Fox put Plaintiff on notice of the statute of limitations; that Plaintiff had the opportunity to respond to this argument in an opposition to Defendants' motions; and that Plaintiff made no showing that the untimely affirmative defense would result in undue prejudice, the Court construes the motion for summary judgment as a motion for leave to amend the answer, and permits and considers the issue of statute of limitations. *See Feeney v. Dunham*, No. 3:06-CV-310 (DJS), 2007 WL 1186046, at *4 (D. Conn. Apr. 18, 2007); *Snyder v. United States*, No. 88-CV-2136 (RR), 1995 WL 724529, at *12 (E.D.N.Y. July 26, 1995) ("Plaintiff had a full and fair opportunity to address the [affirmative defense] in its brief in opposition to defendant's motion for

summary judgment. Indeed, plaintiff does not contend that she has suffered any prejudice in her ability to respond. Accordingly, defendant is not precluded from raising the [affirmative defense] on its present motion for summary judgment.”).

As explained below, on both Plaintiff’s and Defendants’ version of the facts, the Court concludes that the statute of limitations lapsed prior to Plaintiff’s commencement of this action. Therefore, Defendants are entitled to summary judgment as a matter of law.

2. *Analysis*

As stated, Plaintiff’s only remaining claim alleges an illegal taking by Defendants Fox, Groshans, and Colli. *See* ECF No. 57 at 8. The Court previously construed this claim as being pursued under 42 U.S.C. § 1983, *Rodriguez II*, at *8, which provides a “private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law.” *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999) (citing 42 U.S.C. § 1983).

“Since Congress did not enact a statute of limitations governing actions brought under § 1983, the courts must borrow a state statute of limitations.” *Mayes v. City of New Haven*, No. 3:22-CV-1426 (CSH), 2024 WL 4894518, at *4 (D. Conn. Nov. 26, 2024) (quoting *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994)); *see also Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013). To preserve uniformity and predictability, the Supreme Court has determined that a state’s personal injury statute of limitations applies to § 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261, 276 (1985); *Hogan*, 738 F.3d at 517. When analyzing unlawful takings under the Fifth Amendment, courts in this district have therefore applied the statute of limitations under Conn. Gen. Stat. § 52-577, which provides that “[n]o action founded upon a tort shall be brought but within three years from the date of the act or omission complained of.” *Lounsbury,* 25 F.3d at 134;

Consequently, "[i]n Connecticut, a plaintiff must bring his § 1983 claim within three years of the date his claim accrues." *Barile v. City of Hartford*, 264 F. App'x 91, 91 (2d Cir. 2008) (summary order).

"Although state law determines the length of the statute of limitations for a § 1983 action, it is federal law that determines when the statute of limitations period begins to run." *Spak v. Phillips*, 138 F. Supp. 3d 159, 162 (D. Conn. 2015) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)), *aff'd*, 857 F.3d 458 (2d Cir. 2017). Under federal law, a claim accrues for statute of limitations purposes "when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Singleton v. City of New York*, 632 F.2d 185, 192 (2d Cir. 1980), *overruled on other grounds by Roesch v. Otarola*, 980 F.2d 850, 853–54 (2d Cir. 1992); *see also Wallace*, 549 U.S. at 388 ("[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.") (citation and internal quotation marks omitted). Even when a plaintiff asserts that he has been harmed by a conspiracy, as in the present case, "the accrual of causes of action arising out the of the conspirators' separate wrongs is not postponed" until the conspiracy is complete. *Assegai v. Bloomfield Bd. of Educ.*, 308 F. Supp. 2d 65, 69 (D. Conn. 2004) (citation omitted), *aff'd*, 165 F. App'x 932 (2d Cir. 2006).

Defendants contend that Plaintiff's claim for illegal takings is barred because (1) the claim accrued on November 25, 2018, when the couple renting the property informed Plaintiff that he was not the owner, and (2) Plaintiff did not commence the action until May 24, 2023, which is beyond the three-year statute of limitations. ECF No. 110-1 at 12–13 (noting original filing of complaint in Connecticut Superior Court on May 24, 2023). The Court disagrees with Defendants' analysis of when the claim accrued, but finds that the claim is time-barred nonetheless.

Based on the allegations in the amended complaint, Plaintiff's takings claim accrued on March 10, 2020, when Defendants purportedly entered the property, changed the locks, and prevented Plaintiff's family members from entering the property. ECF No. 57 ¶ 26. Prior to this point, Plaintiff did not have a "complete and present cause of action" for an illegal taking, *see Wallace*, 549 U.S. at 388, as no alleged physical occupation had occurred. *See, e.g., Buffalo Teachers Fed'n v. Tobe*, 464 F.3d 362 (2d Cir. 2006) ("The fact of a taking is fairly obvious in physical takings cases: for example, the government might occupy or take over a leasehold interest for its own purposes."). Further, Plaintiff's allegation that a conspiracy among the Defendants has continued "until today's date" has no impact on accrual. *See Golodner v. City of New London*, No. 3:14-CV-173 (MPS), 2016 WL 1048746, at *5 (D. Conn. Mar. 11, 2016) ("To allow a plaintiff 'to wait and toll the running of the statute simply by asserting that a series of separate wrongs were committed pursuant to a conspiracy would be to enable him to defeat the purpose of the time-bar'") (quoting *Singleton*, 632 F.2d at 192).

The Court therefore concludes that the statute of limitations lapsed on March 10, 2023, prior to Plaintiff's commencement of the claim in the Connecticut Superior Court on May 24, 2023.[4] As a result, his illegal takings claim is time-barred.

[4] Plaintiff has not raised an equitable tolling argument. *See Boos v. Runyon*, 201 F.3d 178, 185 ("The burden of demonstrating the appropriateness of equitable tolling ... lies with the plaintiff."). Though equitable tolling of § 1983 claims is generally determined by state law, *see Abbas v. Dixon*, 480 F.3d 636, 641 (2d Cir. 2007), the Second Circuit considers the doctrine an "extraordinary measure that applies only when plaintiff is *prevented from filing* despite exercising ... diligence." *See Vines v. Janssen Pharms*., No. 3:16-CV-327 (MPS), 2018 WL 5045753, at *7 (D. Conn. Oct. 17, 2018) (quoting *Gonzalez v. Hasty*, 651 F.3d 318, 322 (2d Cir. 2011) (emphasis in original). Connecticut courts likewise have required the party seeking equitable tolling to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *See, e.g., Doe v. Grove Sch., Inc*., No. CV-105033501, 2012 WL 1662510, at *1 (Conn. Super. Ct. Apr. 24, 2012). The Court cannot find from the record that Plaintiff exercised due diligence, so as to entitle him to equitable tolling. His assertion that Defendant Groshan's threats prevented him from timely filing his complaint does not satisfy his burden, as it does not establish he acted diligently (even if it could be construed to demonstrate extraordinary circumstances stood in his way).

B. Merits of Plaintiff's Takings Claim

Defendants further contend that there is no genuine dispute of fact that Plaintiff's illegal takings claim fails as a matter of law. ECF No. 110-1 at 13. Specifically, Defendants most clearly argue that the record conclusively establishes the following: Plaintiff does not have a property interest in 52 South Road, Defendants did not occupy the property, and Defendants did not act to confer a private benefit on themselves. ECF No 110-1 at 14–15. The Court finds that, even if Plaintiff's claim is not time-barred, Defendants are entitled to summary judgment on the merits.

*1. Takings Claims Generally*

The Takings Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no "private property [shall] be taken for public use, without just compensation." U.S. Const., amend. V. Therefore, "[t]o state a claim under ... the Takings Clause, plaintiffs [are] required to allege facts showing that state action deprived them of a protected property interest." *Story v. Green*, 978 F.2d 60, 62 (2d Cir. 1992); *see also Knick v. Twp. of Scott, Pennsylvania*, 588 U.S. 180, 206 (2019) ("A property owner may bring a takings claim under § 1983 upon the taking of his property without just compensation by a local government.").

"The Supreme Court has recognized two branches of Takings Clause cases: physical takings and regulatory takings." *Messing v. Town of Hamden*, 459 F. Supp. 3d 464, 467 (D. Conn. 2020) (quoting *1256 Hertel Ave. Assocs., LLC v. Calloway*, 761 F. 3d 252, 263 (2d Cir. 2014)). Physical takings, as alleged here, are the "clearest sort of taking," and occur "when the government encroaches upon or occupies private land for its own proposed use." *Ganci v. New York City Transit Auth.*, 420 F. Supp. 2d 190, 195 (S.D.N.Y. 2005) (quoting *Palazzolo v. Rhode Island*, 533 U.S. 606, 617, 121 (2001), *aff'd*, 163 F. App'x 7 (2d Cir. 2005). The elements of a takings claim

are: (1) a property interest held by the plaintiff; (2) a deprivation of that property interest by the government, for public use; and (3) a lack of just compensation paid to the plaintiff. *Ganci*, 420 F. Supp. 2d at 195.

As the Takings Clauses of both the U.S. and Connecticut Constitutions require that private property be taken for "public use," the Supreme Court has held that a city government "would no doubt be forbidden from taking [a plaintiff's] land for the purpose of conferring a private benefit on a particular private party." *Kelo v. City of New London, Conn.*, 545 U.S. 469, 477 (2005); *see also Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 245 (1984) ("A purely private taking could not withstand the scrutiny of the public use requirement; it would serve no legitimate purpose of government and would thus be void."); *see also Montgomery v. Carter Cnty., Tennessee*, 226 F.3d 758, 766 (6th Cir. 2000) ("Private-use takings, rare as they may be, are unconstitutional regardless of whether just compensation is paid.") (citing *Midkiff*, 467 U.S. at 245).

Plaintiff's claim alleges a private-use physical taking, *Rodriguez II* at *9, and will be evaluated against this standard.

*2. Property Interest*

First, the Court concludes that there exists a genuine dispute of fact as to whether Plaintiff has a property interest in 52 South Road.

The Second Circuit has held that "[o]nly the owner of an interest in property at the time of the alleged taking has standing to assert that a taking has occurred." *See United States Olympic Comm. v. Intelicense Corp., S.A.*, 737 F.2d 263, 268 (2d Cir.1984); *see also Article 13 LLC v. Ponce De Leon Fed. Bank*, 175 F.4th 397, 411 (2d Cir. 2026) ("The possession of a property interest" is a "necessary predicate[] to a Takings Clause claim.") (citing *1256 Hertel Ave. Assocs.*, 761 F.3d at 261).

Defendants cite to the sworn statements of Steven Sidor, ECF No. 110-7 at 2, and Jesse Brownback III, ECF No. 110-6 at 2–3, to establish that Plaintiff was never the owner of the property. Sidor confirms that he did not sell 52 South Road to Plaintiff or sign the purported purchase agreement. ECF No. 110-7 at 2. Brownback likewise confirms his signature was forged as the notary on the conveyance document. ECF No. 110-6 at 3. However, accepting the amended complaint as an affidavit for summary judgment purposes, Plaintiff asserts that he purchased 52 South Road in the amount of $50,000 by quitclaim deed signed and notarized by Sidor on August 26, 2014. ECF No. 57 ¶¶ 1, 28. A copy of the alleged purchase agreement, notarized and signed by Plaintiff, Sidor, and Brownback is attached to Defendants' motion for summary judgment as Exhibit E, ECF No. 110-7 at 3, confirming that the document exists. Whether or not Sidor's and Brownback's signatures were forged is thus a disputed fact bearing on the question of Plaintiff's alleged property interest that cannot be resolved on summary judgment.

3. *Occupation*

By contrast, however, there is no genuine dispute of fact as to Defendants' physical occupation of 52 South Road, an essential element of Plaintiff's claim. As such, Defendants are entitled to summary judgment on the merits.

This element of Plaintiff's takings claim survived dismissal because Plaintiff alleged that Defendants Colli and Groshans, at the direction of Fox, "entered Plaintiffs property, changed the doorlocks, posted the property on the internet 'For Sale,' and prevented Plaintiff's family members from entering..." *See* ECF No. 57 ¶ 26. However, this statement cannot be considered on summary judgment because it does not satisfy well-established requirements for affidavits.

Federal Rule of Civil Procedure 56(c)(4) requires that an affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or

declarant is competent to testify on the matters stated." Personal knowledge "is variously described as knowledge acquired firsthand or from observation." *HSqd, LLC v. Morinville*, No. 3:11-CV-1225 (WWE), 2013 WL 1131590, at *4 (D. Conn. Mar. 18, 2013) (quoting *State v. Sunrise Herbal Remedies, Inc.*, 296 Conn. 556, 573 (2010)). "A court may therefore strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." *Hollander*, 172 F.3d at 198.

Based on the facts contained in the amended complaint and Plaintiff's original complaint, Plaintiff appears to have been in custody on the date of the alleged taking, March 10, 2020. *See, e.g.,* ECF No. 57 ¶¶ 14–15 (describing Plaintiff's arrest and extradition to Hartford Correctional Center on November 26, 2019); Compl., ECF No. 1-1 at 3 ¶ 2 ("Plaintiff, Felix Rodriguez (#T81827) is a sentenced prisoner in the Florida DOC, serving (15 years) for vehicular homicide after an auto accident on March 11, 2013.").[5] Because Plaintiff could not have been present at 52 South Road on March 10, 2020, he lacks personal knowledge as to the events described and contained in the relevant portion of the amended complaint. *See Danford v. City of Syracuse*, No. 5:09-CV-0307 (GTS/ATB), 2012 WL 4006240, at *2 (N.D.N.Y. Sept. 12, 2012) ("[T]he Amended Complaint does not allege that [affiant] was present at the time of the events in question, sufficient to confer on him personal knowledge of those events."); *United States v. Franzone*, No. 21-CR-446 (VSB), 2025 WL 993112, at *10 (S.D.N.Y. Apr. 2, 2025) ("[Defendant] was detained during these events, so he cannot be making these assertions based on personal knowledge, nor does he state from whom he learned this information."). Even if Plaintiff was not incarcerated at the time,

[5] Plaintiff's original complaint stated that he was due to be released in 2025. *Id.* at 4 ¶ 2. A search of the Florida Department of Corrections website shows, however, that Plaintiff remains in custody as of the date of this ruling. *See https://pubapps.fdc.myflorida.com/offenderSearch/detail.aspx?Page=Detail&DCNumber=T81827&TypeSearch=AI* (last visited September 21, 2026) (showing current release date of February 20, 2028). The Court may take judicial notice of the state prison inmate locator. *See United States v. Rivera*, 466 F. Supp. 3d 310, 313 (D. Conn. 2020).

his "statement is not supported by any elucidation as to how [he] possessed such first-hand personal knowledge." *See Cooper Indus., Inc. v. Agway, Inc.*, 987 F. Supp. 92, 109 (N.D.N.Y. 1997) (citing Rule 56(c)(4)'s predecessor, Rule 56(e)). And to the extent someone else relayed these events to him, their statement would be hearsay. *See* Fed. R. Evid. 801(c). Thus, absent an affidavit from someone with personal knowledge of the events that occurred on March 10, 2020, such as one of the family members allegedly prevented from accessing the property, Plaintiff has not established any dispute of fact as to government occupation of his property.

The Court therefore finds that Plaintiff fails to make any factual showing that Defendants physically occupied 52 South Road, warranting summary judgment in favor of Defendants.

*4. Private Purpose*

The Court only briefly addresses Defendants' third argument concerning alleged private benefit to them. Plaintiff asserts that, "upon reasonable information and belief, Defendant[s] have now sold Plaintiff's property in the amount of $475,000 and have divided the funds evenly between all named Defendants." ECF No. 57 ¶ 29. The caselaw is clear that allegations made upon information and belief are insufficient to defeat summary judgment and must be disregarded. *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 138 (2d Cir. 2009) (noting that an affidavit based on "information and belief" was insufficient under Rule 56 to support a motion for summary judgment); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir.1988). Thus, insofar as Plaintiff relies on this allegation to support a private taking, Plaintiff's claim fails.

C. <u>Remaining Arguments for Dismissal</u>

Lastly, the Court need not reach the qualified immunity arguments offered by Defendants Groshans and Fox, or the state actor argument offered by Colli, given its conclusions above as to the statute of limitations defense and the merits of Plaintiff's takings claim.

## V. CONCLUSION

For the reasons described herein, Defendants' motions for summary judgment, ECF Nos. 110 and 111, are GRANTED in full. The Clerk is directed to change Defendant Steven Grashans' name on the docket to Steven Groshans, enter judgment for Defendants, and close this case.

Additionally, it appears from the Florida Department of Corrections' website that Plaintiff's address has changed. The Clerk is directed to update Plaintiff's address on the docket to Wakulla Correctional Institution Annex, 110 Melaleuca Drive, Crawfordville, Florida 32327-4963.[6]

**SO ORDERED** at Hartford, Connecticut, this 21st day of September, 2026.

*/s/ Sarala V. Nagala*
SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

[6] To the extent Plaintiff may claim that he did not receive Defendants' motions for summary judgment due to moving facilities, it is his obligation under the Local Rules to keep his address updated on the docket. *See* D. Conn. L. Civ. R. 83.1(d)(1) ("Any self-represented party must provide an address where service can be made upon such party.").